IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANDRA YEVETTE DIMAS,

    Plaintiff,

v.                                                                                                                     No. CV 17-853 CG

NANCY A. BERRYHILL, Acting
Commissioner for the Social Security
Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Sandra Yevette Dimas' *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Supporting Memorandum* (the "Motion"), (Doc. 24), filed October 5, 2018; *Defendant's Response to Plaintiff's Motion for Attorney Fees under Equal Access to Justice Act* (the "Response"), (Doc. 25), filed October 12, 2018; and Plaintiff's *Reply to Defendant's Response to Motion for Attorney Fees under Equal Access to Justice Act* (the "Reply"), (Doc. 26), filed October 14, 2018. Having reviewed the Motion, Response, Reply, and the relevant law, the Court finds that Ms. Dimas' Motion is well-taken and should be **GRANTED**.

### I.    Background

In July 2016, Ms. Dimas filed for disability insurance benefits, claiming that fibromyalgia, psoriatic arthritis, depression, anxiety, chronic fatigue, and chronic pain limited her ability to work. (Administrative Record "AR" 163). Ms. Dimas' claim was denied initially, (AR 99-102), upon reconsideration, (AR 104-08) and following a hearing before administrative law judge ("ALJ") Eric Weiss, (AR 17-30). Ms. Dimas then

requested review by the Appeals Council, (AR 10-11), which was denied, (AR 1-4), making the ALJ's decision the final decision of the Social Security Administration.

Ms. Dimas then appealed to this Court, arguing the ALJ erred in evaluating and weighing medical opinion evidence, discussing her past work, and adopting the vocational expert's testimony. (Doc. 17 at 5-23). Finding that the ALJ erred in considering the opinion of Alisha Parada, M.D., Ms. Dimas' treating physician, the Court granted Ms. Dimas' Motion and remanded the Commissioner's decision. (Doc. 22).

Ms. Dimas now petitions the Court for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 24). She argues that an award of attorney fees is appropriate because she was the prevailing party, her net worth is less than $2,000,000.00, and the Commissioner's position in defending the action was not substantially justified. *Id.* at 1.

**II. Analysis**

*A. Standard of Review*

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified.

In this circuit, the test for substantial justification is one of reasonableness in both law and fact. *Id.* (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). As defined by the United States Supreme Court, substantial justification requires the government's position be "justified in substance or in the main - that is, justified to a

degree that could satisfy a reasonable person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The government's "position" includes both the government's stance in the underlying agency action and during any subsequent litigation. *Id.*

Courts are more likely to find the government's position is substantially justified when an area of law is "unclear or in flux." *Cherry v. Barnhart*, 125 Fed. Appx. 913, 916 (10th Cir. 2005) (unpublished) (citing *Martinez v. Sec'y of Health and Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987)). Indeed, the government's position may be justified even though it is incorrect. *Hackett*, 475 F.3d at 1172 (citing *Pierce*, 487 U.S. at 566, n.2). Ultimately, it is the government that bears the burden of proving its position was substantially justified. *Gilbert*, 45 F.3d at 1394 (internal citations omitted).

### B. *The Commissioner's Underlying Position and the Court's Disposition*

Ms. Dimas first established care with Dr. Parada in January 2015. (AR 402-03). Throughout 2015 and early 2016, Ms. Dimas regularly visited Dr. Parada to receive trigger point injections to increase her range of motion and alleviate her shoulder pain. (AR 443). Over the course of these visits, Dr. Parada consistently noted muscle spasms around Ms. Dimas' right shoulder and a decreased range of motion. (AR 26). In addition, Dr. Parada recorded Ms. Dimas' self-reports of shoulder pain and noted any progress or improvement in her symptoms since her last appointment. (AR 26).

Nevertheless, the ALJ concluded there was "no evidence" that Ms. Dimas suffered from any upper or lower extremity deficits. (AR 26). While the ALJ noted Ms. Dimas' continued appointments with Dr. Parada to receive trigger point injections, he never discussed any of Dr. Parada's findings of muscle spasms, decreased range of motion, or the other medical opinions set forth in her treatment notes. *Id.*

In her response to Ms. Dimas' *Motion to Reverse and Remand for Rehearing*, (Doc. 17), the Commissioner similarly argued that Dr. Parada did not offer any medical opinions for the ALJ to consider. (Doc. 19 at 8-11). The Court rejected the ALJ's conclusions and the Commissioner's argument, explaining that Dr. Parada's diagnoses, prognoses, and statements constituted medical opinions for purposes of applying the social security regulations. (Doc. 22 at 13-14). Therefore, the Court found the ALJ's failure to weigh and consider Dr. Parada's medical opinions constituted legal error. *Id.* The Court remanded the case, instructing the ALJ to weigh Dr. Parada's medical findings in accordance with 20 C.F.R. §§ 404.1527(a)(1), 404.1527(c). *Id.*

### C. The Commissioner's Position is not and was not Substantially Justified

The Commissioner now argues that her position below was substantially justified. Specifically, the Commissioner contends "reasonable minds could differ" on the correct application of 20 C.F.R. § 404.1527(c). (Doc. 25 at 5). The Commissioner further states that she was substantially justified in arguing that the ALJ's discussion of Dr. Parada's treatment notes was sufficient to withstand judicial scrutiny. *Id.* at 6.

In considering the ALJ's decision, the Court explained that the ALJ is required to weigh every medical opinion in the record. (Doc. 22 at 9). The Court relied on 20 C.F.R. § 404.1527(c) to support this proposition, which plainly states: "Regardless of its source, we will evaluate every medical opinion we receive." *Id.* Therefore, the Court found the ALJ was required to weigh the medical evidence proffered by Dr. Parada, and not summarily dismiss or ignore her treatment notes. *Id.* at 13.

The proposition that an ALJ must weigh the medical evidence in the record, particularly that of a treating physician, is not a new or unclear area of law. *See e.g.*,

4

SSR 96-2p, 1996 WL 374188 at *4 (holding that even if a treating source opinion is not entitled to controlling weight, it is still entitled to deference and the ALJ must weigh the opinion). Rather, weighing the medical opinions of a treating physician is a well-settled component of evaluating any social security disability claim, to such an extent that this requirement is codified in the regulations. *See e.g.*, 20 C.F.R. § 404.1527. In light of this, the Court finds the Commissioner's position was not substantially justified.

### III. Conclusion

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in her position in either the underlying agency action or the subsequent litigation. Accordingly, the Court finds that Ms. Dimas is entitled to an award of attorney's fees under EAJA.

**IT IS THEREFORE ORDERED** that Ms. Dimas' *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Supporting Memorandum*, (Doc. 24), be **GRANTED** and that attorney fees in the amount of $6,214.55 be awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and be made payable to Ms. Dimas. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

**IT IS FURTHER ORDERED THAT**, if Ms. Dimas' counsel receives attorney fees under both EAJA and 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Ms. Dimas pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATE MAGISTRATE JUDGE